# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKY J. DARROW,**

    Plaintiff,

  v.                                         Case No. 19-CV-797

**RAYMOND CROSS, et al.,**

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On May 28, 2019, Ricky J. Darrow filed a complaint against his former employer, the University of Wisconsin–Whitewater, alleging that he was terminated from his employment without due process of law. (Docket # 1.) Darrow also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Darrow is indigent for purposes of the federal *in forma pauperis* statute and that his complaint is not frivolous or malicious and that it states a claim, his motion will be granted.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his motion to proceed without prepayment of the filing fee, Darrow states that he is unemployed and has no monthly income. (Docket # 2 at 1–2.) He states that his total monthly expenses are approximately $2,000.00 and that he is financially responsible for his disabled 38-year-old son. (*Id.* at 1–3.) He owns two vehicles worth approximately $350.00 total and a home worth approximately $65,000.00. (*Id.* at 3.) He states the amount of equity in his home is approximately $10,000.00 and he has approximately $100.00 in either a checking or savings account. (*Id.*) Darrow owns no other property of value. (*Id.* at 4.) Based on the information provided in Darrow's motion, I am satisfied that he is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Darrow's motion is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Darrow alleges that he

was employed by the University of Wisconsin system for sixteen years and had above average evaluations. (Docket # 1 at 1.) Darrow alleges that he was unjustly accused of misconduct and terminated from his employment without a hearing. (*Id.*) Darrow alleges that he has a property interest in his employment and was denied his property interest in continued employment without due process of law. (*Id.*)

In any due process case where the deprivation of property is alleged, the threshold question is whether a protected property interest actually exists. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 904 (7th Cir. 2011). To have a protectable property interest in a benefit, such as continued employment, a plaintiff must have more than an "abstract need or desire for it" and more than a "unilateral expectation of it." *Id.* Instead, a plaintiff must have a "legitimate claim of entitlement to it." *Id.* In the employment context, a plaintiff generally is required to show that the terms of his employment provide for termination only "for cause" or otherwise evince "mutually explicit understandings" of continued employment. *Id.* Under Wisconsin law, "a dichotomy exists between employment 'at-will' and employment which can be terminated only 'for cause.'" *Id.* (internal citation omitted). Employment which can be terminated only "for cause" receives due process protections. *Id.*

Again, Darrow alleges that he had a property interest in his continued employment with the University of Wisconsin–Whitewater and that the University violated his due process rights when it terminated him without a hearing. Darrow's allegations properly state a claim. As such, Darrow's motion for leave to proceed without prepayment of the filing fee is granted.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Dated at Milwaukee, Wisconsin this 21st day of June, 2019.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge