UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RICKY J. DARROW,**

    Plaintiff,

  v.                                            Case No. 19-CV-797

**CONNIE PUTLAND and
WILLIAM SMITH,**

    Defendants.

## DECISION AND ORDER ON DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION TO
## SUPPLEMENT, AND PLAINTIFF'S MOTION *IN LIMINE*

On December 4, 2019, Ricky J. Darrow, appearing *pro se*, filed an amended complaint against his former employer, the University of Wisconsin–Whitewater, alleging that he was terminated from his employment without due process of law. (Docket # 21.) After screening his amended complaint, Darrow was allowed to proceed against defendants Connie Putland and William Smith on his 42 U.S.C. § 1983 claim that he was deprived of his property interest in continued employment without due process of law. (Docket # 26.) The defendants now move for summary judgment dismissing Darrow's claims. (Docket # 31.) Darrow has filed a motion to supplement his amended complaint under Fed. R. Civ. P. 15(d) (Docket # 29) and a motion to strike the defendants' evidence, which he entitled a "motion in limine" (Docket # 36). For the reasons stated below, the defendants' motion for summary judgment is granted and Darrow's motions are denied.

# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

As a preliminary matter, I note that Darrow failed to properly respond to the defendants' proposed findings of fact. (Docket # 38.) The defendants followed the prescribed procedure for filing summary judgment against an unrepresented plaintiff, which requires them to say that uncontradicted facts will be taken as true for purposes of the motion and to include relevant rules. Civil L.R. 56(a). (Docket # 31.) Despite this warning, Darrow did not properly respond to the defendants' proposed findings of fact. (Docket # 38.) Thus, I will take the defendants' proposed findings of fact as true for purposes of this motion. Civil L.R. 56(b)(4).

1. *Undisputed Facts*

Ricky Darrow was employed as a civil servant custodian at the University of Wisconsin–Whitewater ("UW–Whitewater") with permanent status in class and was terminated on November 28, 2018 for violating work rules related to non-discrimination. (Defs' Proposed Findings of Fact ("DPFOF") ¶ 1, Docket # 33.) The UW–Whitewater Workplace Conduct Expectations prohibit intentional or personally-directed abusive, threatening, or offensive language in the workplace. (*Id.* ¶ 7.) On October 3, 2018, Darrow was placed in charge of training Ramon Rocha, Sr., a new co-worker of Mexican origin. (*Id.* ¶ 4.) During that training, Darrow described some former co-workers as "fucking lazy-ass Mexican motherfuckers," and referred to some current female co-workers as "fucking bitches."(*Id.*)

Connie Putland is Assistant Chief Human Resources Officer for UW–Whitewater. (*Id.* ¶ 2.) On October 27, 2018, Putland received a copy of a letter Rocha wrote to his supervisor, William Smith, complaining about Darrow's comments and how Darrow treated Rocha. (*Id.*

¶ 5.) Darrow was put on administrative leave on October 29, 2018 pending an investigation into Rocha's complaint. (*Id.* ¶ 6.) On October 31, 2018, Putland met with Darrow and his supervisor, Smith, and gave Darrow the chance to explain why he should not be disciplined for his violation of the UW–Whitewater Workplace Conduct Expectations. (*Id.* ¶ 8.)

During the meeting, Darrow provided the names of two female co-workers whom he believed might have more relevant information, Joyce Gulbronson and Lorri Wickingson. (*Id.* ¶ 9.) When Gulbronson and Wickingson were interviewed, they noted that Darrow referred to Hispanic and African-American students as "spics" and "niggers," respectively. (*Id.*) Additionally, the co-workers indicated that Darrow described female co-workers as "cunts" and "bitches," and Wickingson indicated that Darrow frequently commented on the bodies of female students. (*Id.*) Based on the information gathered during the investigation, including Darrow's statements regarding female students, female co-workers, and students and co-workers of color, Darrow's employment was immediately terminated. (*Id.* ¶ 10.)

On November 1, 2018, Smith and Putland sent Darrow a letter notifying him of his termination, which was effective November 2, 2018. (*Id.* ¶ 11.) At the end of the letter, Darrow was advised whom he could contact for any payroll or benefits questions, and was told that he could appeal the termination of his employment. (*Id.* ¶ 12.) On November 21, 2018, Darrow filed an appeal with the Wisconsin Employment Relations Commission ("WERC") asserting that he had been discharged without just cause by the University of Wisconsin System. (*Id.* ¶ 13.)

At a WERC hearing on January 10, 2019, Darrow challenged his termination from his custodian position at UW–Whitewater. (*Id.* ¶¶ 3, 16.) Darrow participated in a live hearing and filed a post-hearing brief on January 14, 2019; nevertheless, WERC found that UW–

3

Whitewater had just cause to terminate Darrow's employment and affirmed the University of Wisconsin System's termination of Darrow. (*Id.* ¶¶ 15–18.) Darrow had the right to appeal WERC's decision to the state circuit court, but to the knowledge of Matthew Lind, Legal Counsel in the Officer of General Counsel for the University of Wisconsin System, Darrow did not appeal WERC's decision. (*Id.* ¶¶ 19–21.)

  2. *Summary Judgment Standard*

Pursuant to Fed. R. Civ. P. 56(a), a party can seek summary judgment upon all or any part of a claim or defense asserted. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

"In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (quoting *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

    3.    *Analysis*

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. While there are both procedural and substantive components of the Due Process Clause, Darrow only raises issues of procedural due process. (Am. Compl., Count One.) "To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. Accordingly, a plaintiff asserting a procedural due process claim must have a protected property interest in that which he claims to have been denied without due process." *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (internal quotations omitted). The defendants do not dispute that Darrow can establish the first two elements of his § 1983 claim. (Defs' Br. in Supp. at 6, Docket # 32.) The defendants argue, however, that Darrow cannot establish a denial of due process. Thus, they argue his § 1983 claim must be dismissed. (*Id.*)

In *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985), the Supreme Court addressed the process due a discharged government employee, holding that an employee was entitled to a hearing prior to discharge. In *Gilbert v. Homar*, the Court reaffirmed its holding in *Loudermill*, stating:

> In *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532 (1985), we concluded that a public employee dismissable only for cause was entitled to a very limited

> hearing prior to his termination, to be followed by a more comprehensive post-termination hearing. Stressing that the pretermination hearing "should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action," *id.*, at 545–546, 105 S. Ct., at 1495, we held that pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story, *id.*, at 546, 105 S. Ct., at 1495.

520 U.S. 924, 929 (1997). The Seventh Circuit has summarized the standard for determining whether a plaintiff's pre-termination procedural due process rights were violated as analyzing whether "the procedures given to [Darrow] included the critical three elements identified in *Loudermill* and *Gilbert*: (1) oral or written notice of the charges, (2) an explanation of the employer's evidence, and (3) an opportunity to tell his side of the story." *Staples v. City of Milwaukee*, 142 F.3d 383, 385 (7th Cir. 1998).

Darrow puts forth no admissible evidence to dispute the defendants' assertions that Darrow was denied neither his pre- nor his post-termination due process rights. Prior to his termination, Darrow was made aware of Rocha's complaint that he allegedly made offensive remarks against Mexican employees and he was given an opportunity to be heard in a meeting with Putland and Smith, including giving the names of witnesses whom he believed had relevant information. (DPFOF ¶¶ 5–10.) The University contacted these witnesses, who not only corroborated Rocha's complaint, but provided further instances of Darrow making offensive and derogatory remarks. (*Id.* ¶ 9.) Thus, the defendants satisfied the requirements of *Loudermill* and *Gilbert* that Darrow receive notice and an opportunity to be heard.

After Darrow was terminated, Darrow does not dispute that he was sent a letter notifying him of the effective date of his termination and informing him of his right to appeal his termination. (*Id.* ¶ 12.) Darrow did, in fact, appeal his termination with WERC, participate

6

in a hearing, and file a post-hearing brief. (*Id.* ¶¶ 16–17.) WERC determined that UW–Whitewater had just cause to terminate Darrow's employment and affirmed the University of Wisconsin System's termination of Darrow. (*Id.* ¶¶ 17–18.) Although Darrow had the opportunity to appeal this finding to the Wisconsin circuit court, he failed to do so. (*Id.* ¶¶ 19–21.)

Darrow generally alleges that he believes the WERC investigator was biased. (Pl.'s Resp. Br. at 7, Docket # 37.) He provides no evidence, however, of this alleged bias beyond his own suppositions. Even if Darrow had provided some evidence of investigator bias, his § 1983 claim still fails. In *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530 (7th Cir. 2008), the plaintiff brought a § 1983 action alleging that his pre-termination and post-termination hearings were inadequate, in violation of his due process rights. Regarding his post-termination remedy, the plaintiff argued that he was denied due process because an allegedly biased Board of Trustees conducted his hearing as opposed to an independent employee relations committee as required by statute. *Id.* at 534–35. The court found that because the plaintiff could challenge the bias of the Board before the Illinois courts, he had an adequate remedy and thus had not stated a due process claim. *Id.* at 536. Again, Darrow does not dispute that he had the opportunity to challenge the WERC's decision before the Wisconsin courts, and failed to do so.

Darrow also asserts that the defendants failed to follow their own employee handbook. (Docket # 38 at 5.) While Darrow does not elaborate on this argument, even assuming Darrow is correct, a failure to follow an employee handbook does not offend the Fourteenth Amendment. Again, "[t]he basic rights guaranteed by constitutional due process are notice of the intended adverse government action and an opportunity to be heard in response." *Simpson*

*v. Brown Cty.*, 860 F.3d 1001, 1006 (7th Cir. 2017). That "[g]overnments may, of course, offer procedural protections that exceed the constitutional minimum through statute or administrative rule," *see id.*, does not mean failure to follow these additional procedures violates constitutional due process.

Because no rational trier of fact could find that Darrow's procedural due process rights were violated, summary judgment is granted in favor of the defendants.

### PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT

Darrow moves to supplement his complaint pursuant to Fed. R. Civ. P. 15(d). (Docket # 29.) Rule 15(d) "permit[s] a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Darrow's motion does not appear to set out any occurrence or event happening *after* the date of his amended complaint. (Docket # 29.) Rather, his motion reads more like a motion for reconsideration of the causes of action I previously dismissed (i.e., breach of contract, First Amendment violation, sex and race discrimination). (Docket # 26, Docket # 29 at 4–8.) To the extent Darrow moves to reconsider the order screening his amended complaint under Fed. R. Civ. P. 54(b), he has not shown a manifest error of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). As such, Darrow's motion to supplement complaint is denied.

### PLAINTIFF'S MOTION *IN LIMINE*

Darrow filed a document entitled "motion in limine"; however, it appears he is objecting and moving to strike various of the defendants' exhibits related to his WERC procedure. (Docket # 36.) Darrow argues the documents are hearsay. Darrow is incorrect. As

to the documents contained in his employment file attached to the Declaration of Connie Putland (Docket # 34 and attached exhibits), these documents meet the hearsay exception of Fed. R. Evid. 803(6) and are authenticated by Putland, the records custodian. Darrow also appears to challenge the inclusion of the WERC decision, appended to the Declaration of Matthew Lind (Docket # 35), as inadmissible hearsay. As an administrative body, the decisions of WERC are public records and federal courts can take judicial notice of public records. *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018). For these reasons, Darrow's motion *in limine* is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (Docket # 31) is **GRANTED**. The plaintiff's amended complaint is dismissed. The clerk of court will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement complaint (Docket # 29) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion *in limine* (Docket # 36) is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of April, 2020.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge