# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKY J. DARROW,**

    Plaintiff,

v.                                        Case No. 19-CV-797

**CONNIE PUTLAND and
WILLIAM SMITH,**

    Defendants.

## ORDER DENYING PLAINTIFF'S RULE 60(B)(4) MOTION

On December 4, 2019, Ricky J. Darrow, appearing *pro se*, filed an amended complaint against his former employer, the University of Wisconsin–Whitewater, alleging that he was terminated from his employment without due process of law. (Docket # 21.) After screening his amended complaint, Darrow was allowed to proceed against defendants Connie Putland and William Smith on his 42 U.S.C. § 1983 claim that he was deprived of his property interest in continued employment without due process of law. (Docket # 26.) The defendants moved for summary judgment dismissing Darrow's claims (Docket # 31) and the motion was granted on April 23, 2020 (Docket # 41). Judgment was entered on April 28, 2020. (Docket # 42.) Darrow filed a notice of appeal on May 13, 2020. (Docket # 43.)

On May 14, 2020, the Seventh Circuit Court of Appeals issued an order questioning whether all defendants consented to proceed before a magistrate judge. (Docket # 2 in Appeal No. 20-1806.) The court of appeals stated that unless all parties to the litigation consent, the magistrate judge lacks authority to enter final judgment. If the magistrate judge lacks authority to enter final judgment, the court of appeals lacks jurisdiction to review the judgment. (*Id.*)

The court of appeals gave both parties until May 28, 2020 to provide a brief memorandum addressing its jurisdiction. (*Id.*) The defendants-appellees filed their jurisdictional memorandum (Docket # 9 in Appeal No. 20-1806) and upon consideration of appellees' memorandum, the court of appeals was satisfied that the magistrate judge had authority to enter final judgment and that the court of appeals had jurisdiction to proceed with the appeal (Docket # 10). The court of appeals ordered briefing on the appeal. (*Id.*) On May 6, 2021, the court of appeals issued an order affirming the judgment. (Docket # 19 in Appeal No. 20-1806.) Darrow filed a letter regarding the status of the case which the court of appeals construed as a petition for rehearing. (Docket # 23-1 in Appeal No. 20-1806.) On June 16, 2021, the court of appeals denied the petition for rehearing (Docket # 25 in Appeal No. 20-1806) and the court of appeals issued its mandate on June 24, 2021 (Docket # 26).

Currently before me is Darrow's motion pursuant to Fed. R. Civ. P. 60(b)(4) requesting the Court find the judgment void. (Docket # 52.) Darrow, relying on the court of appeals' May 14, 2020 Order requesting briefing on jurisdiction, argues that the court of appeals determined that the magistrate judge did not have authority to enter final judgment and that the court of appeals erred by failing to return the case to the district court. (*Id.*) Darrow misunderstands the jurisdictional proceedings that occurred in the court of appeals. While the court of appeals did question whether the district court had full consent and ordered briefing on the issue, after reviewing the defendants-appellees' submission (Darrow did not provide a submission on jurisdiction), the court of appeals was satisfied that it had jurisdiction to proceed. The case was briefed by both Darrow and the defendants and the court of appeals affirmed the judgment.

Darrow has not shown relief is appropriate under Rule 60(b)(4). The motion is denied.

Dated at Milwaukee, Wisconsin this 2nd day of August, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge